# SUPREME COURT OF ARKANSAS

|  |  |
|---|---|
| IN RE PROPOSED AMENDMENTS TO THE ARKANSAS RULES OF CIVIL PROCEDURE | **Opinion Delivered:** September 7, 2017 |

## PER CURIAM

In response to a request from the Arkansas Access to Justice Commission, the Arkansas Supreme Court Committee on Civil Practice has approved amendments to Rules 11 and 64 of the Arkansas Rules of Civil Procedure, as well as adoption of new Rule 87. These proposed changes concern limited scope representation by attorneys. We have reviewed the suggested amendments, and we now publish them for comment from the bench, bar, and public. Comments should be made in writing on or before October 6, 2017, and they should be addressed to: Stacey Pectol, Clerk, Supreme Court of Arkansas, Attn.: Civil Procedure Rules, Justice Building, 625 Marshall Street, Little Rock, Arkansas 72201. The proposed changes are set out below in "line-in, line-out" fashion (new material is underlined; deleted material is lined through).

**Rule 11. Signing of Pleadings, Motions, and Other Papers; Sanctions.**

(a) *Signatures*.

(1) Every pleading, written motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his or her individual name, whose address shall be stated.

(2) A self-represented person ~~party who is not represented by an attorney~~ shall sign his or her pleading, motion, or other paper and state his or her address and telephone number, if any. An attorney may draft or help to draft a pleading, motion, or other paper filed by an otherwise self-represented person. The attorney shall include a notation at the end of the prepared document stating: "This document was prepared with the assistance of a licensed Arkansas lawyer pursuant to Arkansas Rule of Professional Conduct 1.2(c)." The attorney need not sign that pleading, motion, or other paper.

(3) Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit.

(b) *Certificate*.

(1) The signature of an attorney or party constitutes a certificate by the signatory that to the best of his or her knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

~~(1)~~ (A) the pleading, motion, or other paper is not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

~~(2)~~ (B) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

~~(3)~~ (C) the factual contentions have evidentiary support;

~~(4)~~ (D) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information;

~~(5)~~ (E) when a party's claim or affirmative defense may only be established in whole or in part by expert testimony, the party has consulted with at least one expert, or has learned in discovery of the opinion of at least one expert, who (i) is believed to be competent under Ark. R. Evid. 702 to express an opinion in the action and (ii) concludes on the basis of the available information that there is a reasonable basis to assert the claim or affirmative defense; and

~~(6)~~ (F) the pleading, motion, or other paper complies with the requirements of Rule 5(c)(2) regarding redaction of confidential information from case records submitted to the court.

(2) For an attorney who provides drafting assistance to an otherwise self-represented person, the attorney may rely on the self-represented person's representation of facts, unless the attorney has reason to believe that such a representation is false or materially insufficient.

(c) *Sanctions*.

(1) If a pleading, motion, or other paper is not signed, it shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader or movant. If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon any attorney or party who violated this rule an appropriate sanction.

(2) Sanctions that may be imposed for violations of this rule include, but are not limited to:

(A) an order dismissing a claim or action;

(B) an order striking a pleading or motion;

(C) an order entering judgment by default;

(D) an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee;

(E) an order to pay a penalty to the court;

(F) an order awarding damages attributable to the delay or misconduct;

(G) an order referring an attorney to the Supreme Court Committee on Professional Conduct or the appropriate disciplinary body of another state.

(3) The court's order imposing a sanction shall describe the sanctioned conduct and explain the basis for the sanction. If a monetary sanction is imposed, the order shall explain how it was determined.

(4) The court shall not impose a monetary sanction against a ~~represented~~ party for violating subdivision (b)(1)(B) ~~(b)(2)~~, on its own initiative, unless it issued the show-cause order under subdivision (c)(6) before voluntary dismissal or settlement of the claims made by or against the party that is, or whose attorneys are, to be sanctioned.

(5) A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 5 but shall not be filed with or presented to the court unless, within 21 days after service of the motion, or such other period as the court may prescribe, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected. If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or opposing the motion.

(6) On its own initiative, the court may order an attorney or party to show cause why conduct specifically described in the order has not violated subdivision (b). The order shall afford the attorney or party a reasonable time to respond, but not less than 14 days.

**Reporter's Notes (20 ):** This rule was amended following adoption of Rule 1.2(c) of the Arkansas Rules of Professional Conduct that permits limited scope representation. Specifically subdivisions (a)(2) and (b)(2) were added, and subsections were redesignated as appropriate.

**Rule 64. Addition and Withdrawal of Counsel.**

(a) When additional counsel is employed to represent any party in a case, said counsel shall immediately cause the clerk to enter his or her name as an attorney of record in the case and shall also immediately notify the court and opposing counsel that he or she has been employed in the case.

(b) Except as provided in Ark. R. Civ. P. 87, aA lawyer may not withdraw from any proceeding or from representation of any party to a proceeding without permission of the court in which the proceeding is pending. Permission to withdraw may be granted for good cause shown if counsel seeking permission presents a motion therefor to the court showing counsel he (1) has taken reasonable steps to avoid foreseeable prejudice to the rights of the his client, including giving due notice to the his client, allowing time for employment of other counsel; (2) has delivered or stands ready to tender to the client all papers and property to which the client is entitled; and (3) has refunded any unearned fee or part of a fee paid in advance, or stands ready to tender such a refund upon being permitted to withdraw.

**Reporter's Notes (20 ):** Subdivision (b) was amended to add, "Subject to Rule 87," when Rule 87 was adopted to allow for limited scope representation.

**Rule 87. Limited Scope Representation.**

(a) *Permitted.* In accordance with Rule 1.2(c) of the Arkansas Rules of Professional Conduct, an attorney may provide limited scope representation to a person involved in a court proceeding.

(b) *Notice.* An attorney's role may be limited as set forth in a notice of limited scope representation filed and served prior to or simultaneously with the initiation of a proceeding or initiation of representation, as applicable. Such notice shall not be required in matters where an attorney's representation consists solely of the drafting of pleadings, motions, or other papers for an otherwise self-represented person as provided in Rule 11(a)(2) of these rules.

(c) *Termination.* The attorney's role terminates without the necessity of leave of court upon the attorney's filing a notice of completion of limited scope representation with a certification of service on the client.

(d) *Service.* Service on an attorney providing limited scope representation is required only for matters within the scope of the representation as set forth in the notice.

**Reporter's Notes (20 ):** This rule was added following adoption of Rule 1.2(c) of the Arkansas Rules of Professional Conduct that permits limited scope representation.